Singh v. Garland

BIA
A201 105 356

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

SATPAL SINGH,
> *Petitioner*,

v.                                          20-910
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Esq., Jackson Heights, NY.

FOR RESPONDENT:        John V. Coghlan, Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Robert Michael Stalzer, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Satpal Singh, a native and citizen of India, seeks review of a February 26, 2020 decision of the BIA denying his motion for reconsideration. *In re Satpal Singh*, No. A201 105 356 (B.I.A. Feb. 26, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Singh moved the BIA to reconsider its prior decision affirming an immigration judge's ("IJ's") denial, on credibility grounds, of his petition for asylum, withholding of removal, and protection under the Convention Against Torture. Singh alleged that he came from Kashmir, where the Taliban is active, and that members of the Taliban repeatedly beat and threatened to kill him because he and other youth activists participated in anti-Taliban demonstrations. Because Singh's petition is timely only as to the denial of reconsideration, the sole issue before us is whether the BIA

abused its discretion by denying his motion. On such review, we are "precluded from passing on the merits of the underlying . . . proceedings." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted).

A motion to reconsider must "specify the errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(C); *see* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks omitted).

Singh's brief attacks the underlying adverse credibility determination directly, rather than identifying error in the BIA's reasons for denying reconsideration. Accordingly, he has waived review of the denial of reconsideration, which is the only decision that we may review. *See Likai Gao v. Barr*,

3

968 F.3d 137, 149 & n.12 (2d Cir. 2020) (issues not meaningfully argued in briefs are abandoned); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (same); *Kaur*, 413 F.3d at 233–34.

Even if Singh had raised arguments relevant to the BIA's stated reasons for denying reconsideration, we would find no abuse of discretion in the BIA's decision.  In his motion, Singh asserted two bases for reconsideration: (1) that the discrepancy between his written statement and hearing testimony regarding the frequency of the beatings he experienced was "of less than substantial importance" and did not discredit his overall claim that he was attacked; and (2) that his medical reports corroborated his testimony that he was attacked, and the IJ's concerns about reliability of the reports were misplaced.  As the BIA observed, inconsistencies between statements provide a proper basis for an adverse credibility determination, particularly where they relate to the alleged persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

Moreover, the BIA did not abuse its discretion with

4

respect to the medical reports because an IJ has discretion regarding the weight to give documentary evidence and, here, the IJ identified issues with the report summarizing Singh's medical treatment that undermined its reliability. These issues included the absence of authentication, the fact that the report was created more than seven years after the treatment, and the use of identical language in that report and another report about treatment his parents received years later. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (observing that "striking similarities between affidavits are an indication that the statements are 'canned'").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court